UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

MACON DIVISION

CASE NO.:

TABITHA ARNOLD,

       Plaintiff,

vs.

ACN FAMILY, INC.
and NASHAT A. HASSAN,

       Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, TABITHA ARNOLD ("ARNOLD" OR "PLAINTIFF"), through counsel, sues Defendants, ACN FAMILY, INC. ("ACN") and NASHAT A. HASSAN, ("HASSAN") (collectively, Defendants) and alleges the following:

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

2. Plaintiff resides in Sparta, Georgia and is a past employee of Defendants.

1

3. At all times material hereto, Defendant, ACN, was a domestic for profit corporation engaged in the restaurant business, was licensed to transact business in the State of Georgia, conducted business in Midgeville, Georgia, was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d) and at all times material hereto, engaged along with its employees in interstate commerce, and had annual gross sales and/or business volume of $500,000 or more.

4. At all times material hereto, Defendant ACN was the "Employer" of Plaintiff as that term is defined under statutes referenced herein and was "Enterprise" as it along with its employees was engaged in interstate commerce as described above and has annual gross sales and/or business volume of $500,000 or more. In furtherance of said business, Defendants' employees including Plaintiff handled, sold, or otherwise worked on goods or materials that have been moved in or produced for such commerce and further utilized equipment/tools that had travelled in interstate commerce to perform her daily job responsibilities.

5. At all times material hereto, Defendant, NASHAT A. HASSAN was a resident of Georgia and was, and now is, the managing agent, director and/or owner of Defendant, ACN COMPANY LLC; said Defendant

acted and acts directly in the interests of the Defendant, ACN COMPANY LLC, in relation to said co-Defendant's employees. Defendant effectively dominates ACN FAMILY, INC.administratively or otherwise acts, or has the power to act, on behalf of the limited liability company vis-a-vis its employees and had the authority to direct and control the work of others. Thus, NASHAT A. HASSAN was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

6. In justifiable reliance upon Defendants' representations and promises, Plaintiff accepted employment and worked for Defendants as a waitress wherein she agreed to receive the reduced tipped minimum wage of $2.13 per hour.

7. From about September 14, 2015 to December 31, 2015, Plaintiff often worked 45 hours per week with Defendants deliberately failing to pay Plaintiff overtime pay for hours worked in excess of 40 hours per week. In fact, when Plaintiff worked over 40 hours per week, Defendants would cause Plaintiff to clock out under her name and clock in under another employee's name.

8. Plaintiff was not paid any time for hours worked over 40 hours and not permitted to retain any tips earned.

9. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

10. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## (ALL DEFENDANTS)

11. Plaintiff reavers and realleges paragraphs 1-10 herein.

12. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay, and (ii) minimum wage; (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

13. In order to avail themselves of a "tip credit," the FLSA requires an employer to inform the employee that the employee will be paid the reduced minimum wage and to further remit to the employee all earned tips as required by 29 U.S.C. § 203(m).

14. Defendants amongst other things, violated 29 C.F.R. 531.59(b) by retaining for their own benefit portions of Plaintiff's tips.

15. As a result of Defendants illegal tip policy, Defendants lost the right to utilize a "tip credit" thereby obligating Defendants to pay the full

amount of the federal minimum wage and overtime pay owed to Plaintiff calculated based on combining the federal minimum wage of $7.25 per hour plus all tips earned so as to arrive at Plaintiff's regular rate of pay.

16. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, plus costs, reasonable attorney's fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Loren Law Group
100 S. Pine Island Road
Suite 132
Plantation, FL 33324
Phone: (954)585-4878
Facsimile: (954)585-4886
E-Mail: JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Ga Bar No.: 551363

6